Filed 12/8/20  P. v. Rhoades CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>RICHARD DANIEL RHOADES,<br><br>　　　Defendant and Appellant. | B302808<br><br>(Los Angeles County<br>Super. Ct. No. KA113274) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

Law Office of Zulu Ali & Associates and Whitney Ali for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

After a jury convicted appellant Richard Daniel Rhoades of attempted robbery and assault by means of force likely to produce great bodily injury, the court sentenced him to 12 years in prison. Because the court found appellant had previously been convicted of a serious felony, the sentence included a then mandatory five-year enhancement under Penal Code section 667, subdivision (a)(1) (Section 667(a)(1)).[1] While appellant's appeal was pending, the Governor signed Senate Bill No. 1393, granting sentencing courts discretion to strike Section 667(a)(1) enhancements in the interest of justice. Thus, while we affirmed the judgment, we remanded the matter to permit the trial court to exercise its discretion.

In accordance with our directive, the trial court held a hearing in September 2019 to decide whether to strike the five-year enhancement based on appellant's prior serious felony. After hearing appellant argue the same points he now argues on appeal, the court declined to strike the enhancement and reimposed the sentence previously imposed. On appeal, appellant contends the court abused its discretion by declining to strike the enhancement, both

---

[1] (Section 667(a)(1) ["Any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately"].) All further undesignated statutory references are to the Penal Code.

because the court failed to consider several relevant factors, and because the court's refusal to strike the enhancement was not in the interest of justice. Finding no error, we affirm.

## STATEMENT OF RELEVANT FACTS

In August 2017, a jury convicted appellant of attempted robbery and assault by means of force likely to produce great bodily injury, and found true an allegation that appellant personally inflicted great bodily injury during the crimes within the meaning of section 12022.7, subdivision (a).

Before sentencing, the court held a "priors" trial and found appellant had suffered a serious felony conviction in 1987. It therefore sentenced appellant to a total of 12 years: two years for assault by means of force likely to produce great bodily injury, doubled to four years because appellant had a previous strike, and enhanced by three years for personally inflicting great bodily injury within the meaning of section 12022.7, subdivision (a), and by another five years under Section 667(a)(1) for the previous serious felony conviction.[2] At the time, the trial court lacked discretion to strike the Section 667(a)(1) enhancement.

Appellant filed both an appeal and a petition for writ of habeas corpus. During the pendency of the appeal, the

---

[2] The sentence for attempted robbery was stayed under section 654.

Governor signed Senate Bill No. 1393, permitting trial courts to exercise discretion to strike five-year sentence enhancements based on prior serious felony convictions.  We therefore remanded to permit the court to exercise this newly granted discretion, but otherwise denied the habeas petition and affirmed the judgment.  (*People v. Rhoades* (Jan. 17, 2019, B285932) [nonpub. opn.].)

In September 2019, the trial court held a hearing on whether to strike the Section 667(a)(1) enhancement. Appellant argued the court should strike the enhancement because:  (a) his prior serious felony conviction occurred in 1987 and "was not the result of any actual physical harm to anyone," while appellant's other convictions were also non-violent and occurred during a period when he was suffering from drug and alcohol problems; (b) although appellant was convicted of assault in the instant case, he believed he was acting in self-defense; (c) appellant was suffering from serious medical conditions, including issues requiring surgery and chemotherapy; and (d) appellant was 57 years old, and a seven-year sentence (which would result if the court struck the five-year enhancement from his 12-year sentence) would still be a significant punishment.  The People countered that appellant's criminal record included previous convictions involving "violence and crimes of moral turpitude" and noted his testimony at trial -- that he acted in self-defense -- was unpersuasive and unbelievable.

The court remarked that the victim in the instant case had no bruises or cuts on his hands, which might have

4

caused the jury to disbelieve appellant's self-defense theory. The court also noted that appellant's criminal record included convictions for assault with a deadly weapon and battery, as well as "two full pages of theft-related type activities, bookmaking, narcotics convictions, et cetera mixed in with . . . the 459 [burglary] first degree for which he went to state prison and a 666 petty [theft] with a prior for which he also went to state prison." After discussing the serious nature of the charges in the instant case, the court declined to strike the Section 667(a)(1) enhancement, and reimposed the 12-year sentence it had previously imposed. Appellant's motion for reconsideration was denied. Appellant timely appealed.

## DISCUSSION

Appellant argues the court erred because: (a) it failed to consider several relevant factors in refusing to strike the enhancement; and (b) its refusal to strike the enhancement was not "in the interest of justice." We address each argument in turn.

### A.  *The Relevant Factors*

A "court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 309, 310 [affirming trial court's denial of motion to strike prior convictions despite appellant's contention that the court failed to weigh relevant sentencing factors including age and

5

remoteness of prior offenses].)  Appellant argues that in refusing to strike his prior serious felony enhancement, the court failed to consider:  (a) that his prior felony was 32 years old, did not involve violence, and occurred during a time when he was suffering from drug and alcohol abuse; (b) that he was defending himself from the victim; (c) that he was 57, needed surgery, and was undergoing chemotherapy; and (d) that reducing his sentence from 12 years to seven would still constitute significant punishment for his crime.

Appellant made these same arguments to the trial court.  Nothing in the record suggests the court failed to consider them; in fact, the court expressly addressed several of them.  Specifically, the court noted the physical evidence contradicted appellant's self-defense claim, discussed the serious nature of the charges in the instant case, and remarked on appellant's lengthy criminal record, which included assault with a deadly weapon, battery, and numerous other convictions.  Appellant fails to rebut the presumption the court considered all relevant factors in its refusal to strike the Section 667(a)(1) enhancement.

### B.    *The Court Did Not Abuse Its Discretion*

"[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation . . . is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).)  The party attacking the sentence bears the burden ""'to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a

6

showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'"'" (*Id.* at 376-377.) A "'"decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"'" (*Id.* at 377.) In other words, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*)

Appellant argues that in declining to strike the sentencing enhancement, the trial court "failed to exercise [its] discretion in the interest of justice." The question before us, however, is whether the court's refusal to strike the enhancement was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at 377.) Appellant presents no authority that the circumstances in this case would compel all reasonable persons to agree that striking the enhancement was required; indeed, several cases cited by the People stand for the contrary conclusion. (*People v. Taylor* (2020) 43 Cal.App.5th 1102, 1113 [affirming trial court's refusal to strike prior felony even though felony was from 1993 and defendant was presently 55 years old and in poor health]; *People v. Strong* (2001) 87 Cal.App.4th 328, 338 ["the overwhelming majority of California appellate courts have reversed the dismissal of, or affirmed the refusal to dismiss,

7

a strike of those defendants with a long and continuous criminal career"]; *id.* at 345-346 ["Three Strikes law only requires *one* prior serious or violent felony conviction to trigger its directive to double 'the term otherwise provided as punishment for the current felony conviction'" and the fact that defendant's subsequent convictions over 19 years thereafter did not involve violence "certainly does not argue that defendant falls outside the spirit of" the Three Strikes Law].) By failing to file a reply brief, appellant has declined to address these cases. They persuade us that the trial court's refusal to strike the enhancement was neither irrational nor arbitrary.

Appellant has failed to rebut the presumption that the trial court considered all relevant factors at his resentencing, and has failed to demonstrate the court's refusal to strike the prior serious felony enhancement was either irrational or arbitrary. Accordingly, we discern no abuse of discretion.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.

9